IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL F. JENNINGS,<br><br>               Petitioner,<br><br>        vs.<br><br>AUDREY K. KING, Acting Executive<br>Director, Coalinga State Hospital,<br><br>               Respondent. | No. 2:14-cv-00056-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 34] |

This Court denied Paul F. Jennings, a civil detainee proceeding *pro se*, habeas relief and a certificate of appealability on June 26, 2015.  Docket Nos. 24, 25.  Jennings timely filed a notice of appeal dated July 7, 2015.  Docket No. 26.  The record indicates that the Ninth Circuit Court of Appeals has not yet ruled on Jennings' appeal.  At Docket No. 34, Jennings now moves for reconsideration of this Court's denial of his habeas petition.

Because it was filed later than 28 days of entry of judgment, Jennings' Motion is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(c).  *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . .").  Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>      (1) mistake, inadvertence, surprise, or excusable neglect;
>      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>      (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

According to Jennings, reconsideration is appropriate and the Court should stay its denial of the Petition because he contends that the Court's order did not dispose of all claims presented and thus does not constitute an appealable final judgment.  Jennings is in California state custody and involuntarily civilly committed to the Coalinga State Hospital as a sexually violent predator ("SVP").  Jennings acknowledges that the Court rejected his claim that SVPs committed under California's Sexually Violent Predators Act ("SVPA"), CAL. WELF. & INST. CODE § 6600 et seq., are denied equal treatment in comparison to those determinately committed as mentally disordered offenders ("MDO's") and as not guilty by reason of insanity ("NGI's") in violation of the Equal Protection Clause of the Fourteenth Amendment.

He nonetheless argues that the Court failed to address his alternative equal protection claim based on a class-of-one theory.  The Equal Protection Clause protects not only groups, but individuals who would constitute a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564(2000).  Thus, when it appears that government has singled out an individual as a class-of-one, the specter of arbitrary classification is fairly raised. *Id.*  To succeed on a class-of-one claim, a plaintiff bears the burden to prove: (1) she has been intentionally treated differently than others similarly situated; and (2) there is no rational basis for the difference in treatment. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

In other words, the class-of-one doctrine allows an aggrieved individual to raise  a successful equal protection claim without being a member of a racial, gender, ethnic or other identifiable group.  Jennings argues in the instant motion that "he may establish a separate equal

2

protection claim as a class of one by showing that an svp is intentionally treated differently from

[MDO's and NGI's] without a rational relationship to a legitimate state purpose."  Docket No.

34 at 3.  But that argument simply reiterates the equal protection claim disposed of by the Court,

which is not a class-of-one claim.

Even if a class-of-one theory was proper in this case, Jennings fails to bring forth

evidence showing that similarly situated individuals were treated differently.  In his Petition,

Jennings cursorily states that he received discriminatory treatment "when respondents retaliated

against him for exercising his First and Fifth Amendment rights not to participate in any state

hospital treatment programs, a statutory state right respected by the language of California's SVP

Act itself."  Petition at 8.  To the extent that this statement may be liberally construed to raise a

class-of-one claim, Jennings does not allege, much less show by documentary evidence, that

other civil detainees who refused treatment were treated differently than him.  Nor does he

demonstrate that the State had no rational justification for treating him differently than civil

detainees who accepted treatment.

**IT IS THEREFORE ORDERED THAT** Jennings' motion for reconsideration at

Docket No. 34 is **DENIED**.

Dated: December 4, 2015.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

3